# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEAN SHERIDAN,

                Plaintiff,

v.                                            Case No. 07-C-41

OAK STREET MORTGAGE, LLC,

                Defendant.

## DECISION AND ORDER

Presently before the Court in this putative class action alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") is Plaintiff Dean Sheridan's ("Sheridan") Rule 7.4 expedited non-dispositive motion to permit discovery. Defendant Oak Street Mortgage, LLC ("Oak Street") has not appeared in this action. Upon application by Sheridan, the Clerk of Court entered default against Oak Street.

By his motion, Sheridan seeks permission to conduct discovery acknowledging that, under Rule 26(d) of the Federal Rules of Civil Procedure, he may not initiate discovery until the completion of a Rule 26(f) conference and that he has not done so because Oak Street has defaulted, has not entered an appearance in this action, and there is no known authorized representative with whom to confer pursuant to Rule 26(f). Sheridan asserts that Oak Street is in the exclusive possession of essential information required to determine the composition of the class and the amount of damages to be awarded. The deadline for Oak Street to file a response to the motion has expired. No response has been filed.

Sheridan's motion cites no authority for the requested relief, nonetheless, the Court will address the motion. In the future, counsel should submit case law and other authority to support the requested relief.

Rule 26(d) states: "Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." This statement is mirrored by the Advisory Committee Note to the 2000 Amendment to Rule 26(d), which states that the courts may order that the parties may disregard the moratorium (but not by a standing order). No standard for the Court's exercise of that authority appears in the Note.

A respected treatise states that it is "implicit" that some showing of "good cause" should be made to justify such an order. *See* 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure*, § 2046.1 (2d ed. 1998). Requests for a preliminary injunction or motions challenging personal jurisdiction are examples of situations which may warrant expedited discovery. *See id.* (citing Advisory Committee Note to 1993 Amendment to Rule 26(d)).

The "good cause" or "reasonableness" standard has been applied by some district courts addressing the question. *See e.g.*, *Best W. Int'l, Inc. v. Doe*, No. CV-06-1537-PHX-DGC, 2006 WL 2091695, at * 1 (D. Ariz. July 25, 2006); *Mitra v. State Bank of India, T.S.*, No. 03-Civ. 6331 (DAB) 2005 WL 2143144 at * 7 (S.D.N.Y. Sept. 6, 2005); *Qwest Commc'n Int'l, Inc. v. World Quest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003);

2

Case 2:07-cv-00041-RTR   Filed 05/18/07   Page 2 of 5   Document 13

*Whitfield v. Hochsheid*, No. C-1-02-218, 2002 WL 1560267, at * 1 (S.D. Ohio July 2, 2002); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001). Other courts have applied a more stringent standard that resembles the test for a preliminary injunction,[1] which is known as the *Notaro* test. *See Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982). Yet a third approach, combines the "good cause" test with that of *Notaro*. *Entm't Tech. Corp. v. Walt Disney Imagineering, Inc.*, No. Civ.A. 03-3546, 2003 WL 22519440 at *4 (E.D. Pa. Oct. 2, 2003) (holding that a district court should decide a motion for expedited discovery "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances unless the circumstances are such that the *Nortoro* factors apply").

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623-24 (N.D. Ill. 2000), is the only decision revealed by this Court's research of a court within this circuit addressing the proper standard for evaluation of an expedited discovery request in civil litigation. *Merrill Lynch* declined to apply *Notaro* indicating that the circumstances before it were distinguishable from those in *Notaro*. Rather, the court evaluated the request for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances. *Id*. at 624 (citing *Phila. Newspaper Corp. v. Gannett Satellite Info. Network, Inc.*, No. 98-CV- 27821, 1998 WL 404820 *2 (E.D. Pa. July, 15, 1998)).

---

[1] *Notaro,* 95 F.R.D. at 405, holds that "courts should require the plaintiff to demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted."

Permission to conduct limited discovery to obtain information relative to class certification prior to a Rule 26(f) conference was granted in *Whitfield*, No. C-1-02-218, 2002 WL 1560267, at * 1. The "good cause" standard suggested by *Federal Practice and Procedure* and adopted by other district courts is a workable and practical standard and the circumstances of this case do not warrant the more stringent test of *Notaro*. Therefore, the Court joins others courts in requiring a showing of "good cause" by the movant to obtain court authorization of discovery prior to the Rule 26(f) conference. *See Disability Rights Council of Greater Wash. v. Wash. Metro. Area Trans. Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006); *OMG Fid., Inc. v. Sirius Tech., Inc.*, 239 F.R.D. 300, 304 (N.D.N.Y. 2006); *Dimension Data N. Am., Inc. v. Netstar-1, Inc.*, 226 F.R.D. 528 (E.D.N.C. 2005).

Applying the standard to this case, the Court notes that absent limited discovery to obtain information relevant to the issues of class certification and damages, Sheridan cannot pursue his claims in this action. Since Oak Street has not appeared in this action and is in default, Sheridan is effectively precluded from engaging in a Rule 26(f) conference. Thus, having considered the entire record to date and the reasonableness of the request in light of the surrounding circumstances, this Court finds that Sheridan has established "good cause" to engage in limited discovery relevant to the issues of class certification and damages. *See Merrill Lynch*, 194 F.R.D. at 624. Sheridan's motion is granted to the extent that he may engage in limited discovery reasonably calculated to lead to the discovery of admissible evidence on the issues of class certification and damages.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Sheridan's ("Sheridan") Rule 7.4 expedited non-dispositive motion to permit discovery (Docket No. 10) is **GRANTED** to the extent that he may seek limited discovery from Oak Street to obtain information reasonably calculated to lead to the discovery of admissible evidence on the issues of class certification and damages.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2007.

BY THE COURT:

s/Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge